UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| MICA MEYER, individually and as Representative of the Estate of JOHN MEYER, Deceased, MATTHEW MEYER, JULIA MEYER and JOSHUA MEYER<br><br>Plaintiffs,<br><br>vs.<br><br>TAPESWITCH CORPORATION,<br><br>Defendant. | Case No. 3:14-cv-01398<br>Judge Trauger |

## INITIAL CASE MANAGEMENT ORDER

Pursuant to Local Rule 16.01(d)(2), the Parties submit the following Proposed Initial Case Management Order.

**A.    JURISDICTION AND VENUE**: This Court has jurisdiction over the claims and defenses asserted in this case pursuant to 28 U.S.C. § 1332. Jurisdiction and Venue are not disputed.

**B.    THEORIES OF THE PARTIES**:

**(1)    PLAINTIFF'S THEORY**: This lawsuit is a products liability action brought my Mica Meyer individually and as a representative of the estate of her late husband, John Meyer, and their three children. Defendant manufactured, assembled, marketed and sold safety mats, the purpose of which was to cause external machinery to stop operation when the machine operator was not standing on the safety mat.

On July 12, 2013, John Meyer, a fifty-one year old tire machine operator at Bridgestone Americas' LaVergne, Tennessee facility, was trapped inside the tire assembly machine ("TAM") as a result of the failure of Defendant's safety mat to prevent operation of the TAM

while Mr. Meyer was on the mat. Mr. Meyer suffered crush injuries, lacerations, and traumatic asphyxiation subsequently causing his death.

Plaintiffs allege (1) that Defendant negligently manufactured, assembled, marketed and sold a safety mat that they knew, or in the exercise of ordinary care, should have known was defective and unreasonably dangerous at the time it left Defendant's control; (2) that Defendant is strictly liable for the manufacture, assembly, marketing and sale of the safety mat at issue because it was defective and unreasonably dangerous at the time it left Defendant's control and was dangerous beyond the extent reasonably contemplated by an ordinary consumer or end-user; and (3) that Defendant breached express and implied warranties of merchantability and fitness for use when the mat was used for its ordinary, intended and foreseeable use and/or purpose.

**(2)** **DEFENDANT'S THEORY**: Defendant is unclear whether it designed, manufactured, and sold the subject safety mat. In which case, Defendant would not be a necessary or proper party to this action. Defendant denies the subject mat was defective or unreasonably defective when it left its control. Defendant asserts it complied with all applicable state and federal regulations; all industry customs, practices, and standards; and met the state of the art at the time of manufacture. Defendant asserts the comparative negligence of Mr. Meyer and asserts the Defendant's employer was the sole cause-in-fact of the injuries. Defendant asserts defenses of alteration and misuse and all other defense under the Tennessee Products Liability Act of 1978 and Tennessee's version of Uniform Commercial Code. Defendant asserts this case is subject to the provisions of Tennessee Code Annotated §§ 29-39-101 et seq. Defendant generally disputes liability and damages alleged in this case.

**C.** **ISSUES RESOLVED**: Jurisdiction and venue

**D.** **ISSUES STILL IN DISPUTE**: Liability and damages

E.  **MADATORY INITIAL DISCLOSURES:** Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures within 30 days after the initial case management conference.

F.  **DISCOVERY:** The parties shall complete all written discovery and depose all fact witnesses on or before July 25, 2015. Discovery is not stayed during dispositive motions, unless ordered by the court. Local Rule 33.01 (b) is expanded to allow 40 interrogatories, including sub-parts. No motions concerning discovery are to be filed until after the parties have conferred in good faith and, unable to resolve their differences, have scheduled and participated in a conference telephone call with Judge Trauger.

G.  **JOINDER OF PARTIES AND MOTIONS TO AMEND**: The parties shall be allowed until February 1, 2015 to file motions to join additional parties and until March 1, 2015 to file motions to amend the pleadings.

H.  **DISCLOSURE OF EXPERTS**: The plaintiffs shall identify and disclose all expert witnesses and expert reports on or before August 25, 2015. The defendant shall identify and disclose all expert witnesses and reports on or before September 25, 2015. Rebuttal experts and expert reports, if any, shall be disclosed on or before October 15, 2015.

I.  **DEPOSITIONS OF EXPERT WITNESSES**: The parties shall depose all expert witnesses on or before December 15, 2015.

J.  **JOINT MEDIATION REPORT**: The parties shall submit a joint mediation report on or before December 15, 2015.

K.  **DISPOSITIVE MOTIONS**: The parties shall file all dispositive motions on or before __3/1/16__. Responses to dispositive motions shall be filed within twenty-one (21) days after service. Optional replies are to be filed within 14 days. Briefs shall not exceed 20 pages. No motion for partial summary judgment shall be filed except upon leave of court. Any party wishing to file such

a motion shall first file a separate motion that gives justification for filing a partial summary judgment in terms of the overall economy of time and expense for the parties, counsel, and the court.

**L.     ELECTRONIC DISCOVERY**: The Parties discussed the discovery of electronically stored information ("ESI"). Defendant will produce ESI in hard-copy formant. Plaintiff reserves its right to request the native format of ESI documents it determines is necessary and Defendant reserves its right to challenge the same. Should ESI discovery become a point of contention, the Parties agree to meet and confer as early in the case as possible and attempt to resolve any such issues prior to moving the Court for relief. Therefore, the default standards of Administrative Order No. 174 need not apply.

**M.     ESTIMATED TRIAL TIME**: The parties expect the trial to last approximately Seven (7) days.

It is so ORDERED.

Entered this the 25th day of __August__, __2014__

_____
ALETA A. TRAUGER, U.S. DISTRICT JUDGE

**Approved as to form:**

/s/ Michael Hamilton
Michael Hamilton #010720
Provost Umphrey Law Firm, LLP
4205 Hillsboro Pike, Suite 303
Nashville, TN 37215

/s/ Daniel Olivas
Daniel W. Olivas #10896
424 Church Street, Suite 2500
P.O. Box 198615
Nashville, TN 37219