**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

MICA MEYER, individually and as Representative )
of the Estate of John Meyer, deceased, )
MATTHEW MEYER, JULIA MEYER, and )
JOSHUA MEYER, )
                                                                                                               )
     Plaintiffs, )
                                                                                                              )
v. )   Civil No. 3:14-1398
                                                                                               )   Judge Trauger
TAPESWITCH CORPORATION and )
ROWAN TECHNOLOGIES, INC., )
                                                                                           )
     Defendants. )

## **ORDER SETTING CASE FOR TRIAL**

1.    <u>Trial setting</u>: This case is set for jury trial on Tuesday, <u>July 19, 2016</u>, at <u>9:00 a.m.</u> in Courtroom 873 of the United States Courthouse, 801 Broadway, Nashville, Tennessee.

2.    <u>Pretrial conference setting</u>: A pretrial conference shall be held in Judge Trauger's chambers, Room 825 United States Courthouse, 801 Broadway, Nashville, Tennessee, on <u>July 15, 2016,</u> at <u>1:30 p.m.</u> Lead counsel for each party must attend the pretrial conference. If lead counsel is not from Tennessee, local counsel must also attend.

3.    <u>Information exchanged but not filed</u>: By <u>June 28, 2016</u>, the parties shall exchange copies of exhibits and make available for examination by any opposing party the original of all exhibits. By this same date, the parties shall exchange designations of portions of depositions which are to be read into evidence during the case in chief. The parties should attempt to agree on additions to the designations necessary to put responses into context.

4.    <u>Filings required prior to pretrial conference</u>: The following shall be filed by <u>July 12, 2016</u>:

    a.    witness lists;

    b.    exhibit lists (Plaintiff's exhibits shall be premarked as "P-1, P-2," etc.; defendant's exhibits shall be premarked as "D-1, D-2," etc. The authenticity of exhibits should be stipulated to if at all possible. Failure to include an exhibit on this exhibit list will result in its not being admitted

into evidence at trial, except upon a showing of good cause.);

    c.    stipulations; and

    d.    expert witness statements as described in Local Rule 39.01(c)(6)c.[1]

5.    <u>Motions in limine</u>:  Motions in limine shall be filed by <u>July 1, 2016</u>.  Responses shall be filed by <u>July 12, 2016</u>.

6.    <u>Pretrial Order</u>:  By <u>July 12, 2016</u>, the parties shall file a joint proposed Pretrial Order which shall contain the following:

    a.    a recitation that the pleadings are amended to conform to the Pretrial Order and that the Pretrial Order supplants the pleadings;

    b.    the jurisdictional basis for the action and whether jurisdiction is disputed;

    c.    a short summary of each party's theory (prepared by the party);

    d.    a listing of the contested issues of law, with a designation of whether the issue is for the jury or the judge; and

    e.    a listing of known evidentiary disputes, including those involving deposition designations.

7.    <u>Duration of trial</u>:  The trial of this case is expected to last <u>7</u> days.

8.    <u>Jury costs</u>:  If the case settles closer to trial than two business days, the cost of summoning the jury may be assessed against the parties.

It is so **ORDERED**.

ENTER this 25th day of August 2014.

_____
ALETA A. TRAUGER
U.S. District Judge

---

[1] Judge Trauger requires the filing of medical expert (as opposed to treating physician) statements as well.  The exclusion for medical expert statements in the referenced Local Rule does not apply in her court.